

C/M

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298

> The premotion conference is waived.  This letter is deemed to constitute defendants' motion to dismiss.  Defendants are directed to serve plaintiff with a Local Rule 12.1 notice forthwith. Plaintiff is advised that she must file opposition to this motion by 4/14/21 or this case may be dismissed.
> SO ORDERED: 3/31/21
> *Digitally signed by Brian M. Cogan U.S.D.J.*

Barbara A. Gross
212.471.4486 direct
212.583.9600 main
646.219.4115 fax
bgross@littler.com

March 31, 2021

**Via ECF**
The Honorable Brian M. Cogan
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *Furfero v. St. John's University* et al, 1:20-cv-02395-BMC-LB

Dear Judge Cogan:

We represent Defendants St. John's University ("SJU"), Conrado "Bobby" Gempesaw, Simon Moller, Norean Sharpe, Charles Clark, Joseph Oliva, Joshua Hurwit, Nada Llewellyn, Keaton Wong, Michelle Cadle, and Danielle Haynes (collectively "Defendants") in the above-referenced matter. We write pursuant to Your Honor's Individual Practices to respectfully request a pre-motion conference, in advance of Defendants' anticipated motion to dismiss the Plaintiff's Amended Complaint. Despite the voluminous assertions in Plaintiff Arlene Furfero's Amended Complaint, it should be dismissed because, it fails to adequately plead her claims as a matter of law and against the Individual Defendants, she asserts claims that were not previously asserted before the EEOC, and many of her claims are preempted by § 301 of the Labor Management Relations Act ("LMRA") or can only be addressed in an Article 78 proceeding.

I.     **PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE INDIVIDUAL DEFENDANTS AND AS A MATTER OF LAW**

To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). Although "a court is ordinarily obligated to afford a special solicitude to pro se litigants," such as by liberally construing their pleadings, "a lawyer representing himself ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010). Here, Plaintiff, a licensed practicing attorney, proceeding *pro se* brings this action pursuant to Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law  ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") alleging age, gender, and sex discrimination, as well as retaliation.

Plaintiff's Title VII and ADEA claims must be dismissed against the Individual Defendants, as "it is abundantly clear that neither Title VII nor the ADEA contemplates liability by individual defendants." *Mohamed v. NYU*, No. 14-CV-8373, 2015 WL 3387218, at *31 (S.D.N.Y. May 21, 2015), report and recommendation adopted, 2015 WL 5307391 (S.D.N.Y. Sept. 10, 2015).

Furthermore, the Amended Complaint is devoid of specific factual allegations showing that the Individual Defendants engaged in any plausible specific discriminatory or retaliatory action on the

basis of Plaintiff's age or gender. For example, Plaintiff's only factual allegations against Dr. Simon Moller are that he "discriminated against me when he failed and refused to simply dismiss the Article 10.01 based on a non-academic issue, and instead, wrote that my appeal was premature, because I had not received a written action plan. . . . I believe that Drs. Clark, Sharpe, and Moller, and Mr. Hurwit harassed, embarrassed, and intimidated me with this Article 10.01 proceeding, because I am an older female professor." (Am. Compl. p.10.) Plaintiff does not allege that Dr. Moller made any age or gender based comments or that there are any younger or male comparators that Dr. Moller refused to dismiss an Article 10.01 proceeding against. The pleading as to Dr. Moller and many of the Individual Defendants is nothing more than the recitation of the false syllogism: "(1) I am (insert name of a protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert name of protected class)." *Bermudez v. City of N.Y.*, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011) (dismissing § 1981 claims where plaintiff failed to allege racial animosity); *Askin v. Dep't of Educ. of N.Y.*, 110 A.D.3d 621, 622 (1st Dep't 2013) ("Although plaintiff asserts that defendants' actions were motivated by age-related bias, she does not make any concrete factual allegation in support of that claim, other than that she was 54 years old and was treated adversely under the state law or less well under the [NYCHRL]. Plaintiff's allegations in this respect amount to mere legal conclusions, and do not suffice to make out this element of her claim."). Accordingly, none of her allegations against the Individual Defendants "satisfy the pleading standards of *Twombly* that [Plaintiff], as a lawyer, was required to meet." *McNaughton v. De Blasio*, 644 F. App'x 32, 2-3 (2d Cir. 2016). As a result, Plaintiff's claims against the Individual Defendants should be dismissed.

As with her claims against the Individual Defendants, Plaintiff fails, in whole or in part, to adequately plead her claims of age and gender discrimination and retaliation as a matter of law. For example, Plaintiff alleges in only a conclusory manner that being accused of raising her voice is somehow being used against her in a discriminatorily gendered manner. (*See* Am. Comp. p. 10). Similarly, she alleges that the Economics and Finance Department Chair, "harassed, embarrassed, and intimidated" her on account of her being an "older female professor" when he sought to discuss "low student evaluations and student complaints" with Plaintiff and did not "identify any academic issue with regard to either student evaluations or student complaints." (Am. Compl. p. 10.) Plaintiff also fails to point to any similarly situated comparators who were, for example, accused of threatening students or of making racist statements, who were otherwise not subject to Article 10 charges. *Id.* at pp. 10, 12-14. Thus, Plaintiff's claims fail for the same reasons they fail against the Individual Defendants (*i.e.* that she pleads only that she is in one or more protected groups and therefore, must have been discriminated against).

## II.  PLAINTIFF'S CLAIMS ARE PREEMPTED BY THE LMRA AND ARE PROPERLY THE SUBJECT OF AN ARTICLE 78 PROCEEDING

State law claims that "depen[d] upon the meaning of a collective-bargaining agreement" or whose resolution "is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract" must be dealt with under Section 301 or dismissed as preempted by the LMRA. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06, 410 n.10 (1988); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985).

Plaintiff makes conclusory allegations of discrimination and retaliation, while factually alleging breach of the CBA. For example, Plaintiff alleges, "I filed a complaint against Ms. Cadle for her failure to follow statutory and contractual procedures established in the CBA and SJU's own

The Honorable Brian M. Cogan
Via ECF
Page 3

policies. My complaint was, first, denied by Mr. Oliva, on behalf of Dr. Wong, who was on maternity leave (another conflict of interest for Mr. Oliva), and, on appeal, by Nada Llewellyn, Associate Vice President of Human Resources, on non-responsive grounds." (Am. Compl. p. 16.) The resolution of this claim, is clearly based on interpretation of the CBA and must be dismissed. *See Encarnacion v. Isabella Geriatric Ctr., Inc.*, No. 11-CV-3757, 2014 U.S. Dist. LEXIS 172429, at *23 (S.D.N.Y. Dec. 12, 2014) ("To the extent this claim is premised on plaintiff's [CBA], such claims are preempted by federal law—specifically Section 301 of the [LMRA]."); *McLane v. AT&T, Inc.*, 89 N.Y.S.3d 6 (1st Dep't 2018) ("We find that plaintiff's claims are preempted by federal law, pursuant to [LMRA] § 301 29 USC § 185, as they require interpretation of a [CBA].")

Similarly, to the extent Plaintiff seeks to challenge decisions based on alleged violations of SJU's academic procedures (*see, e.g.*, Am. Comp. p. 16), such challenges can only be brought pursuant to an Article 78 proceeding. CPLR § 217; *Padiyar v. Albert Einstein Coll. of Medicine of Yeshiva Univ.*, 73 A.D.3d 634 (1st Dep't 2010) ("The instant plenary complaint, while couched in terms of unlawful discrimination and breach of contract, is in fact a challenge to a university's academic and administrative decisions and thus is barred by the four-month statute of limitations for a CPLR Article 78 proceeding, the appropriate vehicle for such a challenge.").

### III.  THE NEW ALLEGATIONS PLAINTIFF RAISES IN HER AMENDED COMPLAINT ARE NOT SUFFICIENTLY RELATED BACK TO HER EEOC CHARGE

A plaintiff can only litigate claims expressly raised in an administrative charge of discrimination, reasonably related to the charge, or reasonably expected to grow out of the investigation of the charge. *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006). On or about September 12, 2019, Plaintiff filed an EEOC Charge (attached to Am. Comp.), checking off the boxes for sex and age discrimination and conclusorily referring to retaliation for complaining about not being chosen to teach a summer course in 2019. The Amended Complaint alleges: (1) new unrelated incidents of discrimination prior to and after the allegations in the Charge; (2) a retaliation claim for commencing this lawsuit; and (3) new discrimination, disparate impact and hostile work environment claims based on alleged violations of the CBA. *See* Am. Compl. p. 1, 10 – 12. Courts in this Circuit have found a lack of subject matter jurisdiction over claims that, whereas here, could not reasonably be expected to grow out of the original charges before the EEOC. *See Fleming v. Verizon N.Y., Inc.*, 419 F. Supp.2d 455, 463 (S.D.N.Y. 2005) (dismissing plaintiff's retaliation claims that were not "contained in and [were] not reasonably related to her EEOC charge").

Based on the above reasons, Defendants respectfully request a pre-motion conference to discuss their intention to file a motion to dismiss.

Respectfully submitted,

/s/  Barbara A. Gross

cc: Plaintiff Dr. Joyce Furfero (drfurfero@drfurfero.com)